IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| SPENCER FRANCHISE SERVICES OF GEORGIA, INC., ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | CIVIL ACTION NO. 5:12-CV-470 (MTT) |
| WOW CAFÉ AND WINGERY FRANCHISING ACCOUNT, LLC, ) ) ) ) | |
| Defendant. ) ) | |

## ORDER

Before the Court is the Defendant's Rule 12(b)(3) Motion to Dismiss, or alternatively to Transfer, Due to Improper Venue. (Doc. 7). The Defendant contends that the Court should dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(3), because a valid forum-selection clause in the Parties' Area Development Agreement requires any litigation between the two parties to be brought in federal or state court for the judicial district of St. Tammany Parish, Louisiana. (Doc. 7 at 1). The Defendant alternatively moves the Court to transfer the case to the United States District Court for the Eastern District of Louisiana if the Court determines "such transfer to be in the interest of justice." (Doc. 7 at 1). For the following reasons, the Motion to Dismiss is **GRANTED**, and the case is **DISMISSED without prejudice**.

### I.     FACTUAL AND PROCEDURAL HISTORY

Plaintiff Spencer Franchise Services of Georgia, Inc. and Defendant WOW Café & Wingery Franchising Account, LLC executed an Area Developer Agreement (the Agreement) on June 19, 2007. (Doc. 7-3). An Addendum to the Agreement was

executed by the Plaintiff and the Defendant on June 19, 2007.  (Doc. 7-4).  The Agreement contains a forum-selection clause providing:

> The parties agree that any action brought by either party against the other in any court, whether federal or state, shall be brought within Louisiana in the judicial district in which Franchisor has its principal place of business and do hereby waive all questions of personal jurisdiction or venue for the purpose of carrying out this provision.

(Doc. 7-3 at 21, ¶ 19.2).  The Defendant's principal place of business is Covington, Louisiana.  (Doc. 7-5).  Specifically, the Defendant's principal place of business is in "St. Tammany Parish in the State of Louisiana."  (Doc. 7-1 at 2).  The state court in St. Tammany Parish is the "22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana," and the federal court in St. Tammany Parish is in "the United States District Court for the Eastern District of Louisiana."  (Doc. 7-1 at 2).

On November 26, 2012, the Plaintiff brought the following claims against the Defendant in this Court: (1) Breach of Contract; (2) Violation of Georgia's Sale of Business Opportunities Act; (3) Actual Fraud; (4) Negligent Misrepresentation; (5) Breach of Fiduciary Duty to Communicate Constituting Fraud Through Suppression of Truth; and (6) Accounting.  (Doc. 1).  The Defendant first filed its Motion to Dismiss Due to Improper Venue and, Alternatively, Motion to Transfer.  (Doc. 7).  The Defendant then answered the Complaint and asserted a counterclaim.  (Doc. 8).

## II.   DISCUSSION

At oral argument, it became apparent that the Parties agree that the forum-selection clause is valid.  The Parties also agree that the Plaintiff's claims fall within the scope of the forum-selection clause.  Thus, the Court will not analyze the validity of the

forum-selection clause, nor will it determine whether the Plaintiff's claims fall within the scope of the forum-selection clause.

The Defendant contends that pursuant to Eleventh Circuit precedent, specifically *Slater v. Energy Services Group International*, 634 F.3d 1326 (11th Cir. 2011), the Court should enforce the forum-selection clause by dismissing the case for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). The Plaintiff contends, first, that the Defendant waived its right to challenge venue. (Doc. 11 at 3). In the alternative, the Plaintiff contends that rather than dismissing its complaint, the Court should transfer the case to the Eastern District of Louisiana pursuant to 28 U.S.C. § 1404. (Doc. 11 at 11).

**A.   Waiver**

The Plaintiff argues that the Defendant waived its right to challenge venue because it filed: (1) a Motion to Appear Pro Hac Vice; (2) a Stipulation Extending Time to File Responsive Pleadings; (3) an Answer and Counterclaim; and (4) a Supplemental/Amended Answer and Counterclaim. (Doc. 11 at 3).[1] The Defendant contends it has not waived its objection to venue because it objected to this Court's venue in its first responsive pleading—the present Motion to Dismiss for Improper Venue. (Doc. 12 at 2).

Pursuant to Federal Rule of Civil Procedure 12(h) "a defense of improper venue is waived unless it is included in the defendant's first Rule 12 motion or, if no such motion is filed, in the answer to the complaint." *Servicio Marina Superior, LLC v. Matrix*

---

[1] As the Defendant points out, neither the Defendant's Motion to Appear Pro Hac Vice nor its Stipulation Extending Time to File a Responsive Pleading are responsive pleadings sufficient to constitute of waiver of the Defendant's right to challenge venue. *See* Fed. R. Civ. Pro. 12(h) (requiring a responsive pleading for a party to waive a defense); Fed. R. Civ. Pro. 7(a) (listing types of permitted pleadings).

*Intern., Ltd.*, 2008 WL 4571504, *2 n.5 (S.D. Ala.) (internal citations and quotations omitted).  *See also* Fed. R. Civ. Pro. 12(h) (A party waives the defense of improper venue by "failing to either: (i) make it by motion under this rule; or (ii) include it in a responsive pleading or in an amendment").  Thus, venue defects are waived absent a timely and sufficient objection by the defendant.  *Manley v. Engram*, 755 F.2d 1463, 1468 (11th Cir. 1985).

Here, the Defendant moved to dismiss based on improper venue pursuant to Rule 12(b)(3) on January 18, 2013.  (Doc. 7).  That same day, the Defendant also answered the complaint.  (Doc. 8).  The Defendant's Answer contained a counterclaim against the Plaintiff.  The Plaintiff argues that because "Rule 12 is silent as to whether a party waives its objection to venue by joining it with a counterclaim seeking affirmative relief," the Court should look "outside the scope of the Federal Rules of Civil Procedure" to case law when determining whether the Defendant's same day filing of its Motion to Dismiss for Improper Venue and its Answer/Counterclaim constitutes a waiver of the Defendant's ability to assert improper venue as a defense.  (Doc. 11 at 3).

The Court disagrees with the Plaintiff's argument that this case is outside the scope of Rule 12.  Had the Defendant merely alleged improper venue in its answer, while also asserting a counterclaim, the Plaintiff's argument *might* be more persuasive.  However, the Defendant did not, as the Plaintiff characterizes it, "join" its objection to venue with a counterclaim.  Instead, the Defendant first moved to dismiss because of improper venue pursuant to Rule 12(b)(3). (Doc. 7).  The Defendant then, in a separate filing, answered the Plaintiff's Complaint and asserted its compulsory counterclaim.  (Doc. 8).  Rule 12(h) gives the Court clear guidance—because the Defendant raised the

defense of improper venue in a timely Rule 12 motion prior to filing a responsive pleading, the Defendant did not waive its defense of improper venue.  *See* Fed. R. Civ. Pro. 12(h)(1)(B)(i)-(ii).

The Court also rejects the Plaintiff's slightly different argument that because the Defendant filed a counterclaim, the Defendant engaged in "conduct amounting to waiver as a matter of law." (Doc. 11 at 3) (internal citation and quotations omitted).  The Plaintiff argues that the "Defendant purposefully availed itself to this Court's jurisdiction and venue by seeking relief through its Counterclaim and cannot now be heard to question the authority of this Court to adjudicate the whole of this civil action." (Doc. 11 at 5).  Again, *prior* to filing an Answer and Counterclaim, the Defendant moved the Court to dismiss because of improper venue.[2]  Nothing prohibits a defendant challenging venue from answering the complaint.  In that answer, the Defendant is required to file its compulsory counterclaim.  This does not amount to a waiver of a venue objection.  On the contrary, the Defendant's conduct actually indicates it is challenging this Court's authority to adjudicate this matter because of the valid forum-selection clause contained in the Parties' Agreement.  Therefore, the Court finds the Defendant did not waive its challenge to venue.

**B.    Whether the Court should dismiss the case pursuant to Federal Rule of Civil Procedure 12(b)(3)**

The Defendant contends Eleventh Circuit precedent, specifically *Slater v. Energy Services Group International*, 634 F.3d 1326 (11th Cir. 2011), requires the Court to enforce the valid forum-selection clause by dismissing the case for improper venue

---

[2] The Defendant also requested oral argument on its Motion to Dismiss (Doc. 7-6).  Given that fewer and fewer lawyers request oral argument, this too belies any suggestion that the Defendant, by its conduct, waived its venue defense.

pursuant to Federal Rule of Civil Procedure 12(b)(3).  The Plaintiff argues that *Slater* should be read narrowly because, prior to *Slater,* Eleventh Circuit authority suggested that forum-selection clauses should be enforced by transfer if possible.  The Plaintiff contends that because the forum-selection clause permits litigation in federal courts, and because this Court has the ability to transfer this case to another federal court, this Court should not analyze the Defendant's Motion as a motion to dismiss pursuant to Rule 12(b)(3).  Instead, the Plaintiff argues that the Court should determine if transfer is appropriate pursuant to 28 U.S.C. § 1404(a).  Further, the Plaintiff argues that under § 1404(a) transfer analysis, the Court should find transferring the case improper because the § 1404(a) transfer factors weigh in favor of keeping venue in the Middle District of Georgia.  (Doc. 11 at 11-12).

The Plaintiff is correct that prior to *Slater*, courts in the Eleventh Circuit generally had held that transfer was the appropriate mechanism to enforce a valid forum-selection clause.  *See e.g. Hasty v. St. Jude Medical S.C. Inc.*, 2007 WL 1428733 (M.D. Ga.).  Only if transfer was not possible, the Plaintiff argues, would courts enforce a forum-selection clause by dismissing the case.  For example, in *Lipcon v. Underwriters at Lloyd's, London*, 148 F.3d 1285 (11th Cir. 1998), the Eleventh Circuit held that when a forum-selection clause mandated a foreign venue, a motion pursuant to Rule 12(b)(3) was the appropriate avenue for relief.  *Lipcon*, 148 F.3d at 1289.  In *Slater*, as in *Lipcon*, transfer was not an option, and thus, the Plaintiff argues that *Slater*, like *Lipcon*, merely recognizes that dismissal is sometimes the only available option: "[T]he Eleventh Circuit [in *Slater*] interpreted *Lipcon* to allow for the dismissal of an action when the transfer of the case is not practicable due to the presence of multiple defendants."  (Doc. 11 at 9).

Read this way, *Slater* is not controlling because this Court can transfer to the Eastern District of Louisiana, if the Court determines transfer is appropriate under § 1404(a).

The Plaintiff's argument has some logic. Indeed, the district court in *Slater*, consistent with the Plaintiff's argument, dismissed the defendant asserting a forum-selection clause only because transfer of the entire case to the selected forum was not possible. *Slater v. Energy Services Group Intern., Inc.*, 2009 WL 1010951 (M.D. Fla.). However, the Court is bound by the Eleventh Circuit's decision in *Slater*, not the district court's, and the language of the Eleventh Circuit opinion is clear.

While the Eleventh Circuit in *Slater* recognized the circuit split on the "appropriate vehicle for enforcing forum-selection clauses," it made clear which camp it wanted to be in. *Id.* at 1332.

> [W]e conclude that § 1404(a) is the proper avenue of relief where a party seeks the transfer of a case to enforce a forum-selection clause, while Rule 12(b)(3) is the proper avenue for a party's request for dismissal based on a forum-selection clause. Thus, the district court did not err in analyzing [the defendant's] case under Rule 12(b)(3) and dismissing [the plaintiff's] claims for improper venue.

*Id.* at 1333. The Defendant here seeks to enforce its forum-selection clause through a Rule 12(b)(3) dismissal. *Slater* allows it to do so.[3]

Other courts have read *Slater* the same way. *See TradeComet.com, LLC v. Google, Inc.* 647 F.3d 472 (2d. Cir. 2011) (citing *Slater* to support the court's eventual holding that "a defendant may seek to enforce a forum-selection clause under Rule

---

[3] The Plaintiff also argues that if the Eleventh Circuit intended *Slater* to have a broad holding, the Court would have said so, especially in light of the fact that prior case law reasoned that a transfer pursuant to § 1404(a) is the appropriate vehicle to enforce a forum-selection clause when possible. However, the Plaintiff cites no case, and the Court has found no case, in which the Eleventh Circuit explicitly held that § 1404(a) transfer is the only appropriate enforcement mechanism even if a defendant moves for dismissal pursuant to Rule 12(b)(3).

12(b)"); *see also In re Atlantic Marine Const. Co., Inc.*, 701 F.3d 736 (5th Cir. 2012) *petition for cert. filed*, 81 USLW 3434 (Jan 25, 2013)(comparing *Slater* and *TradeComet.com* to Sixth and Third Circuit cases, the latter holding that § 1404(a) is the only proper avenue for enforcing a forum-selection clause when transfer is feasible); *Gillette Const. Service Corp. v. Symons by Dayton Superior*, 2011 WL 1213084 (S.D. Fla.) (noting that *Slater* rejected the plaintiff's argument that a party seeking to enforce a domestic forum-selection clause must request a transfer to a proper venue pursuant to § 1404(a)).

The Fifth Circuit is on the other side of the Circuit split on this issue and its opinion in *In Re Atlantic Marine Construction Company* illustrates the precise point of disagreement among the Circuits. The determinative factor, the Fifth Circuit noted, is whether a contractual forum-selection cause renders venue improper in a court in which venue would otherwise be proper under 28 U.S.C. § 1391. If venue is improper, then both Rule 12(b)(3) and 28 U.S.C. § 1406 are the proper mechanisms to enforce a forum-selection clause.[4] If, on the other hand, one takes the view that venue in the forum where the action has been brought is proper but that, pursuant to a forum-selection clause, another venue is more appropriate, then § 1404(a) should be used to affect that transfer. Under this view, an action should be dismissed, pursuant to Rule 12(b)(3), only if transfer is not possible because the designated forum is not another district court. Still, however, the § 1404(a) transfer analysis would govern whether dismissal is appropriate, not because venue is improper but rather because venue in

---

[4] Here, neither Party suggests that this case should be transferred pursuant to § 1406. The Court has considered whether it, *sua sponte*, should turn to § 1406. Given that neither Party has argued that a § 1406 transfer is appropriate and *Slater's* clear holding that a party may enforce a forum-selection clause through a 12(b)(3) motion to dismiss, this Court won't go there either.

the designated forum is more appropriate.  The Fifth Circuit concluded that the latter approach was appropriate.  Ironically, both the Eleventh Circuit in *Slater* and the Fifth Circuit in *In Re Atlantic Marine Construction Company* found support for their seemingly contrary holdings in the Supreme Court's holding in *Stewart Organization, Inc. v. Rico H. Corp.*, 487 U.S. 22 (1988).  The Supreme Court in *Stewart*, the Fifth Circuit reasoned, "explained that a forum-selection clause should receive 'the consideration for which Congress provided in § 1404(a).'" *In re Atlantic Marine*, 701 F.3d at 740 (quoting *Stewart*, 487 U.S. at 31).  This, the Fifth Circuit continued, "'strongly implies that Congress' determination of where venue lies cannot be trumped by private contract and that, therefore, a forum-selection clause cannot render venue improper in a district if venue is proper in that district under federal law.'"  *Id.* at 740 (quoting Charles A. Wright, *et al.,* 14D Fed. Prac. & Proc. Juris. § 3803.1 (3d ed.)).  A petition for certiorari has been filed and perhaps this will soon be resolved.

At oral argument, it became apparent to the Court that the Parties' real concern was that the mechanism this Court uses to enforce the forum-selection clause, i.e. transfer or dismissal, could have broader implications once the case is in the proper federal court.  Though the Agreement contains a choice of law provision controlling interpretation of contractual provisions, a dismissal under Rule 12(b)(3) could affect the appropriate district court's determination of any potential choice of law issues.  *In re Atlantic Marine*, 701 F.3d at 740 ("Dismissal under Rule 12(b)(3) or transfer under § 1406 would deny district courts both a role in making the transfer and its capture of Texas law.").  Specifically, the Parties contend, under some Fifth Circuit jurisprudence, a transfer pursuant to § 1404(a) would result in the application of the transferor's choice

of law, while a transfer pursuant to § 1406 would result in application of the transferee's choice of law.

This concern does not impact the Court's analysis of whether the Eleventh Circuit's decision in *Slater* requires this Court to enforce the forum-selection clause by dismissing the case. However, given the Parties' concerns, the Court notes that its determination that *Slater* requires that the forum-selection clause be enforced by granting the Defendant's Rule 12(b)(3) Motion to Dismiss is not intended—in any way—to resolve any potential choice of law issue that may eventually arise. Whether it necessarily will have that affect, despite this Court's intent, will have to be decided by another court.

Accordingly, the Defendant's Motion to Dismiss is **GRANTED**.

### C.    Award of Costs and Fees

In the Defendant's Motion, the Defendant, without going into detail, requests that this Court order the Plaintiff to pay the costs and fees associated with "the filing of this Motion." (Doc. 7 at 1). At oral argument, Defendant's counsel again requested that the Court order the Plaintiff to pay the costs and fees associated with this litigation. Because the Defendant cited no statutory authority for the award of costs and fees, the Court assumes its request is based on the Parties' Agreement. The Agreement provides that:

> [I]n the event Franchisor or Developer retains legal counsel to enforce any provision of this Agreement … the prevailing party in any proceeding shall be entitled to recover its damages, costs and expenses, including reasonable legal and accounting fees….

(Doc. 7-3 at 21, ¶ 19.4).

Here, the Court determined a pure venue issue.  Neither Party briefed the issue of whether the Defendant would be considered the "prevailing party" in the event the Court dismissed the case.  Thus, without briefing on this issue by either Party, this Court will not find that the Defendant is the "prevailing party" for purposes of the Agreement's provision.  Accordingly, the Defendant's request for costs and fees associated with this litigation is **DENIED**.

**SO ORDERED**, this 26th day of March, 2013.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
